# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander\**
*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Kimberly A. Talley\**

*\*Certified Bankruptcy Assistant*

March 19, 2026

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

> **RE:   Chapter 13 Bankruptcy**
> **Case No. 24-14564 (ABA)**
> **Debtor(s) Name: Jarrod Dickason**

Dear Judge Altenburg:

Please accept this letter in lieu of a more formal response to Debtor's Motion to Vacate Dismissal Order on shorten time, which is returnable March 24, 2026, at 10:00 a.m.

Debtor filed for Chapter 13 bankruptcy protection on May 3, 2024.  An Order Confirming Chapter 13 Plan was entered on October 10, 2024, at $2,329 paid to date, then $781 for 35 months to pay administrative fees totaling $4,065, cure pre-petition rental arrears due to Union Grove Apartments in the amount of $22,229, surrender a 2016 Volvo XC90 to United Auto Credit, with a pro rata distribution to unsecured creditors.

On July 21, 2025, an Order Resolving Trustee's Certification of Default was entered by the Court (Doc No. 56) which capitalized plan arrears at $6,242 paid to date, $868 to be submitted within ten (10) days, then $903 for 25 remaining months commencing August 1, 2025. A Status Hearing was set for September 19, 2025.  While Debtor submitted the $868 within ten (10) days, Debtor failed to submit payments for August and September 2025.  As a result, the Trustee recommended dismissal of Debtor's at the Status Hearing held on September 19, 2025. An Order Dismissing Case was entered September 22, 2025.

On October 14, 2025, Debtor filed their first Motion to Vacate Dismissal Order (Doc No. 62).  On November 12, 2025, an Order Vacating Dismissal Order was entered by the Court (Doc No. 65).  Pursuant to the Order, Debtor was to submit a lump sum payment of $1,806 within ten (10) days, then capitalize the remaining arrears at $945 for 22 remaining months starting with the payment due November 1, 2025.  Debtor was also required to cure residential lease arrears by making an immediate payment of $3,917.71 with the balance of arrears due within thirty (30)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

days.  In the event Debtor failed to comply, the landlord would be granted immediate and prospective relief upon the filing of a Certification of Default.

The $1,806 lump sum payment due to the Trustee was not received within ten (10) days, as a result a Trustee's Certification of Default was filed with the Court (Doc No. 68).  Debtor filed opposition to the Trustee's Certification of Default (Doc No. 69) and a hearing was scheduled for January 16, 2026.

The $1,806 lump sum which was due by November 22, 2026, was not received until December 11, 2025. The day before the Trustee's Certification of Default hearing scheduled for January 16, 2026, Debtor's counsel provided a copy of a money order in the amount of $945 which they advised was mailed to the Trustee that same day.  Due to the proof of payment, Trustee agreed to adjourn the hearing to February 20, 2026, for that payment to post and for an additional payment of $1045, representing the required payment going forward, to be received prior to February 20th.

The payment of $945 mailed on January 15, 2026, was not received until February 6, 2026.  The additional payment at the capitalized rate was not received prior to the hearing, and the Trustee recommended dismissal of Debtor's case.  An Order Dismissing Case was entered February 20, 2026. After the dismissal of Debtor's case, the Trustee received two money orders totaling $1,045 on February 25, 2026.   Said funds are currently being held in the Trustee's suspense account.

Debtor now comes before the Court twenty-two (22) months after filing for bankruptcy protection on a second (2nd) Motion to Vacate Dismissal Order.  Debtor states that their plan payments were capitalized through the plan and the new payments are $1,045.  Debtor has provided their attorney with a payment of $1045 and seeks entry of an Order Vacating Dismissal Order.  The Trustee objects.

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into bankruptcy cases. Federal Rule of Civil Procedure 60 lists the grounds for relief from a final judgment or order like the Order of Dismissal in this case.

Federal Rule of Civil Procedure 60(b) provides five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding":
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **3**

equitable; or
(6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

A Motion to Vacate Dismissal is essentially a motion for reconsideration and "is an extraordinary remedy and is only appropriate in select and narrow instances." In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023).  The Debtor "who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967).  Further, the moving party holds the heavy burden of demonstrating more than mere disagreement with a Court's decision. In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023).  Debtor's Motion fails to address any grounds for the extraordinary relief under Rule 60(b).

Contrary to Debtor's Certification in Support of Motion, an Order capitalizing arrears to $1045 has not been entered by the Court.  The Trustee agreed to capitalize plan arrears in two previous Orders which Debtor defaulted on immediately after entry.  Debtor submitted the lump sum payments, albeit late, in accordance with the Orders entered July 21, 2025, and November 12, 2025, yet failed to make the capitalized monthly plan payments thereafter.  Debtor has submitted 12 payments in 22 months, with only 4 payments being submitted within the last 12 months.  The only payments received within the last 12 months were received in conjunction with a pending dismissal hearing or request to vacate dismissal.  This payment history is reflective of a plan that is simply not feasible.

Debtor has not demonstrated a change in circumstances that will now allow Debtor to continue in this case to its conclusion without further default.  As a result, the Trustee requests Debtor's motion be denied.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

s/Joni L. Gray

Joni L. Gray
Counsel

JLG/jpa
cc:    Jeffrey E. Jenkins, Esquire (via ECF/CM)
        Jarrod Dickason (Via regular mail)

Cherry Tree Corporate Center                                                         Payments Only:
535 Route 38
Suite 580                                                                                       P.O. Box 1978
Cherry Hill, NJ 08002                                                          Memphis, TN 38101-1978
(856) 663-5002